# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

ALEJANDRA D. DUCUSIN,

                    Plaintiff

        v.

COMMISSIONER OF SOCIAL SECURITY, *et al.*,

                    Defendants.

---

Civil Action No.  08-1905  (HHK)

## MEMORANDUM OPINION

This matter is before the Court on the defendant's motion to dismiss, which the Court treats as one for summary judgment.[1]  For the reasons discussed below, the Court will grant the motion.

## I.  BACKGROUND

The plaintiff "applied for Widow's Insurance Benefits and a Lump Sum Death Payment on October 22, 2002[,] stating that she was the widow of Alberto Aquino Ducusin, the deceased wage earner."[2]  Mem. in Support of the Commissioner's Mot. to Dismiss ("SSA Mot."),

---

[1]        Because "matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

[2]        It appears that the plaintiff had received wife's insurance benefits from May 25, 1965 until July 16, 1975, when the Social Security Administration "discovered [her] incestuous marriage."  Compl. ¶ b; *see id.*, Attach. A (Certificate of Social Insurance Award).  After her "status changed from wife to widow," she alleges that she applied for widow's insurance benefits," that the SSA "disapproved [her] claim as the widow," and that her benefits "stopped in Nov. 1981."  *Id.* ¶ b.

Declaration of Earnest Baskerville ("Baskerville Decl."), Ex. 1 ("July 21, 2004 Decision") at 1.

The Social Security Administration ("SSA") denied the application initially and on

reconsideration on the ground that the plaintiff's marriage to Mr. Ducusin was invalid.  *Id.*, Ex. 1

at 1.  The plaintiff requested a hearing, at which an Administrative Law Judge ("ALJ")

considered two questions:

> 1.  Whether the plaintiff is entitled to Widow's Insurance Benefits and a Lump Sum Death Payment on the record of Mr. Ducusin; and
>
> 2.  Whether the plaintiff and Mr. Ducusin had a valid marriage.

*See id.*  Evidence in the record before the ALJ showed that the plaintiff and Mr. Ducusin "were

married on September 19, 1963 in San Fernando, La Union, Philippines" and that "the

[plaintiff's] mother is the sister of [Mr. Ducusin]."  *Id.* at 1-2.  The plaintiff had married her

uncle, and under Philippine law, "marriage within the fourth civil degree of consaguinity is

incestuous and absolutely void."  *Id.* at 2.  The ALJ determined that the plaintiff's marriage to

Mr. Ducusin was void.  *Id.*  He concluded that the plaintiff was not Mr. Ducusin's widow, and,

therefore, that she was not eligible for widow's insurance benefits and a lump sum death payment

based on Mr. Ducusin's Social Security record.  *Id.*

The plaintiff requested a review of the ALJ's decision by the Appeals Council.[3]  SSA

Mot., Baskerville Decl. ¶ (3)(a).  Under its rules, review is warranted if: (1) the ALJ appears to

have abused his discretion; (2) there is an error of law; (3) the decision is not supported by

---

[3]      The Appeals Council "act[s] on requests for review of hearing decisions made by
Administrative Law Judges and . . . either . . . grant[s], den[ies] or dismiss[es] any such request."
SSA Mot., Baskerville Decl. ¶ (2).  "[I]f the Appeals Council denies a timely request for review
of a hearing decision, that hearing decision becomes the 'final decision' within the meaning of,
and subject to, the provisions for judicial review in [42 U.S.C. § 405(g)]."  *Id.*

substantial evidence; (4) there is a broad policy or procedural issue that may affect the public interest; or (5) the Appeals Council receives new and material evidence and the decision is contrary to the weight of all the evidence now in the record.  *Id.*, Ex. 2 (August 23, 2005 Notice of Appeals Council Action) at 1; *see* 20 C.F.R. § 404.970.  "The Appeals Council denied the plaintiff's request for review of the [ALJ's] decision on August 23, 2005 and informed the plaintiff that [she] had the right to commence a civil action within sixty (60) days from the date of receiving the notice."  SSA Mot., Baskerville Decl. ¶ (3)(b); *see id.*, Ex. 2 at 2.

The plaintiff subsequently submitted a request to the Appeals Council to reopen the July 21, 2004 Decision, and the Appeals Council denied this request on June 23, 2006.  SSA Mot., Baskerville Decl. ¶¶ (3)(b), (3)(c); *see id.*, Ex. 3 (June 23, 2006 letter from P.D. Crawford, Administrative Appeals Judge) at 1.  The Appeals Council "found no reason under [its] rules to reopen or change the decision," meaning that the ALJ's July 21, 2004 Decision "is the final decision of the [SSA] in [her] case."  *Id.*, Ex. 3 at 1.  In addition, the Appeals Council "extend[ed] the time within which [the plaintiff] may file a civil action (ask for court review) of the final decision in [her] case for 30 days from the date [she] receive[d] this letter."  *Id.* at 2.  It was "assume[d] that [the plaintiff] receive[d] this letter 5 days after the date on it unless [she] show[ed] that [she] did not receive it within the 5-day period."  *Id.*

In a letter dated November 2, 2006, the plaintiff made another request to reopen and revise the July 21, 2004 Decision.  *See* SSA Mot., Baskerville Decl. ¶ (3)(d); *see id.*, Ex. 4 (December 20, 2006 letter from  P.D. Crawford, Administrative Appeals Judge) at 1.  She informed the Appeals Council that she "did not receive any correspondence from the [Appeals] Council after January 6, 2006."  *Id.*, Ex. 4 at 1.  On December 20, 2006, the Appeals Council

3

denied the plaintiff's request.  *Id.*  Again, the Appeals Council informed the plaintiff that it found

"no basis under [its] rules to reopen and change the decision," rendering the ALJ's decision "the

final decision of the [SSA] in [her] case."  *Id.*  Further, it found unpersuasive the plaintiff's

contention that she had not received correspondence from the SSA.  *Id.*  It remarked that "[t]he

notice of June 23, 2006 has not been returned to the Council as undeliverable and there is no

indication that, in the past, there has been a problem with [the plaintiff's] receipt of mail from the

[SSA]."  *Id.*

## II.  DISCUSSION

In this action, the plaintiff seeks review of the unfavorable July 21, 2004 Decision.  *See*

Compl. at 1, 3.  The SSA moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the

ground that the complaint fails to state a claim upon which relief can be granted, *see generally*

SSA Mot., and as previously stated, the Court treats the motion as one for summary judgment

under Fed. R. Civ. P. 12(d).  Specifically, the SSA argues that the plaintiff did not file her

complaint timely.  *See id.* at  2-6.

In relevant part, the Social Security Act provides that:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,
> irrespective of the amount in controversy, may obtain a review of
> such decision by a civil action commenced within sixty days after the
> mailing to him of notice of such decision or within such further time
> as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  The SSA's "findings and decision . . . after a hearing are

binding upon all individuals who were parties to such hearing," and "[n]o findings of fact or

decision of the [SSA] . . . shall be reviewed by any . . . tribunal[.]"  42 U.S.C. § 405(h).  Courts

4

generally uphold the 60-day filing period.  *See, e.g., Barrs v. Sullivan*, 906 F. 2d 120, 122 (5th

Cir. 1990) (concluding that the district court did not abuse its discretion in refusing to toll the 60-

day time limit for filing a civil action where "more than nine months passed between the time

that the Appeals Council sent the notice and the time that [the plaintiff] filed his action in federal

district court" and where the plaintiff presented no other valid basis for tolling); *Wong v. Bowen*,

854 F.2d 630, 631 (2d Cir. 1988) (per curiam) (concluding that the plaintiff's civil action was

time-barred where she admitted receipt of the Appeals Council's October 14, 1986 notice within

the presumed five-day period, was granted a 60-day filing extension ending on April 25, 1987,

yet she filed a civil action nearly three weeks later on May 15, 1987); *O'Neill v. Heckler*, 579 F.

Supp. 979, 981 (E.D. Pa. 1984) (concluding that a civil action filed 66 days after the plaintiff's

presumed receipt of the Appeals Council's order, where the "plaintiff was given an opportunity

to refute the five days presumption of receipt . . . [and] failed to do [so]," was untimely).

However, "the 60-day requirement is not jurisdictional, but rather constitutes a period of

limitations," *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citations omitted), which is

subject to equitable tolling, *id.* at 480-81.

> SSA regulations pertaining to judicial review provide in relevant part:

> > Any civil action [seeking judicial review of a decision by an [ALJ] if
> > the Appeals Council has denied the claimant's request for review]
> > must be instituted within 60 days after the Appeals Council's notice
> > of denial of request for review of the [ALJ'S] decision or notice of
> > the decision by the Appeals Council is received by the individual,
> > institution, or agency, except that this time may be extended by the
> > Appeals Council upon a showing of good cause.  For purposes of this
> > section, the date of receipt of notice of denial of request for review of
> > the presiding officer's decision or notice of the decision by the
> > Appeals Council shall be presumed to be 5 days after the date of such
> > notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c) (emphasis added).  In effect, this provision alters the statutory filing period for all litigants – the 60-day period commences not on the date of the notice, but on the date of the plaintiff's *receipt* of the notice.

In its June 23, 2006 response to the plaintiff's request for review of the July 21, 2004 Decision, the Appeals Council extended the time within which the plaintiff was to file a civil action by 30 days.  SSA Mot., Baskerville Decl., Ex. 3 at 2.  Assuming that the plaintiff received the Appeals Council's June 23, 2006 notice five days later, on June 28, 2006, her filing deadline fell on July 28, 2006.  *See* SSA Mot. at 3.  The plaintiff filed her complaint on October 27, 2008, more than two years later.[4]

The plaintiff's responses to the SSA's motion present no meaningful opposition.  She refers to a letter from the Appeals Council dated October 3, 2008 pertaining to a deadline within which she was to file a new application for widow's insurance benefits.  *See* Pl.'s Opp'n  [Dkt. #10], Attach. (October 3, 2008 letter from P.D. Crawford, Administrative Appeals Judge) at 1.  The record reflects that the plaintiff filed an application for widow's insurance benefits on October 22, 2002, and the timeliness of the application is not at issue in this case.

In a separate submission, the plaintiff presents the Joint Affidavit of two neighbors who purport to attest to the validity of the plaintiff's marriage to Mr. Ducusin.  *See generally* Mot. to Declare Technicality and Offering New and Material Evidence, Attach. (Joint Aff. of Agapita

---

[4]        The Clerk of Court received the plaintiff's Complaint and Application to Proceed Without Prepayment of Fees and Affidavit on October 27, 2008.  The Court approved the plaintiff's Application to Proceed Without Prepayment of Fees on October 31, 2008, and the Clerk of Court docketed the Complaint and the Application on November 5, 2008.

Apico Duclayan and Leonila B. Jucar).[5]  Although the affidavit may be pertinent to a challenge to the underlying July 21, 2004 Decision, its relevance to this case is unclear, as the only issue is the timeliness of the plaintiff's complaint.

In her final submission, the plaintiff argues that the SSA failed to file an Answer to the complaint timely, "rendering defendant to have been declared in default."  Supp. to Pl.'s Opp'n to Defs.' Mot. to Dismiss and Declare Def. in Default at 1 (emphasis in original).  Because the SSA is entitled to file a dispositive motion before filing an Answer, *see* Fed. R. Civ. P. 12(b), and because the Court granted the SSA's motion for an extension of time to file a response to the complaint, *see* 02/04/2009 Minute Order, the plaintiff's request for default must be denied.

The only conceivable basis for deeming the filing of the plaintiff's complaint timely is one that she fails to articulate in the papers filed in this case.  The record shows that the plaintiff advised the Appeals Council she had not received any correspondence from the Council after January 6, 2006.  *See* SSA Mot., Baskerville Decl., Ex. 4 at 1.  If this is true, the plaintiff would not have received the June 23, 2006 Appeals Council letter which, among other things, extended the time for filing a civil action.  *See id.*, Ex. 3 at 2.  With only an indirect assertion that the plaintiff did not receive the June 23, 2006 Appeals Council letter, the Court has no basis upon which to conclude that the filing period should be extended to deem the filing of her complaint on October 27, 2008, timely.  *See, e.g., Velazquez v. Massanari*, No. 4:00CV3320, 2002 WL 246760, at *1 (D. Neb. Feb. 21, 2002) (finding that the "bare assertion" in the "the affidavit of [the plaintiff's] attorney, who simply states that '[t]he Plaintiff did not receive his copy of the

---

[5]     The Court treats plaintiff's "Motion to Declare Technicality and Offering New and Material Evidence" [Dkt. #11] as a supplemental opposition to the SSA's motion, and will deny the motion as moot.

Notice from the Appeals Council until October 2, 2000, . . . is not the type of 'reasonable showing' contemplated by [20 C.F.R. § 422.210(c)]"); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (finding that the "plaintiff's only effort to rebut the presumption is a one-page memorandum in opposition and a two-paragraph affidavit wherein plaintiff simply avers he received the notice dated May 9, 1988, on May 23, 1988, without further elaboration or explanation[,] . . . is inadequate to rebut the 5-day presumption"); *Rouse v. Harris*, 482 F. Supp. 766, 768-69 (D.N.J. 1980) (concluding that the plaintiff failed to rebut the presumption of receipt where "[a]ll that [she] offers . . . is the mere assertion that she never received the first notice of the Secretary's decision, despite the defendant's production of a receipt containing what appears to be her mother's signature, and the statement of her attorney that he did not receive the second notice for more than two weeks after it was written by the Appeals Council"); *see also Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (per curiam) (finding that the plaintiff's "sworn word that he did not receive this notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent").

### III.   CONCLUSION

The Court concludes that the plaintiff failed to file her complaint timely, and, therefore, the SSA's motion for summary judgment will be granted.  An Order accompanies this Memorandum Opinion.

_____/s/_____
HENRY H. KENNEDY, JR.
United States District Judge

DATE:  September 5, 2009